UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUEBIQ GROUP, LLC., <br><br> Plaintiff, <br><br> v. <br><br> PAEDAE, INC., dba GIMBAL and operating as INFILLION, GIMBAL, INC., <br><br> Defendants. | Case No.:  25-cv-2255-JAH-DEB <br><br> **ORDER GRANTING DEFENSE COUNSELS' MOTION TO WITHDRAW** <br><br> **[DKT. NO. 127]** |

Before the Court is the Fish Attorneys' Motion to Withdraw as Counsel for the Gimbal Defendants.[1]  Dkt. No. 127. Plaintiff Cuebiq Group LLC opposes the Motion. Dkt. No. 140. For the reasons stated herein, the Motion is **GRANTED**.

---

[1] The Fish Attorneys are Ricardo Bonilla, Aaron Pirouznia, Neil McNabnay, Madelyn McCormick and Excylyn Hardin-Smith and Fish & Richardson P.C. ("Fish Attorneys"). The Gimbal Defendants are Defendants PaeDae Inc., d/b/a Gimbal and operating as Infillion, and Gimbal, Inc. ("Gimbal Defendants").

1

## I.   BACKGROUND

This case was transferred to this district from the Southern District of New York. Following transfer, the Fish Attorneys appeared on behalf of the Gimbal Defendants.

This Court's first scheduling order set a March 27, 2026 fact discovery cut-off. Dkt. No. 85 at 6. The parties sought a 60-day extension of all scheduling order deadlines, which the Court granted. Dkt. Nos. 102, 103.

The Fish Attorneys' present Motion to Withdraw comes on the heels of (and possibly arises out of) multiple violations of Court-imposed deadlines for the Gimbal Defendants to respond to Cuebiq's discovery requests. On April 17, 2026, following an Informal Discovery Conference initiated by Cuebiq, the Court ordered the Gimbal Defendants to: (1) commence a rolling production of documents the week of April 20, 2026; (2) complete and certify completion of its document production on or before May 1, 2026; and (3) serve verified interrogatory responses on or before May 1, 2026. Dkt. No. 117.

After the Gimbal Defendants failed to comply with the Order, Plaintiff Cuebiq filed an Ex Parte Motion for Sanctions. Dkt. No. 119. The Court denied this request without prejudice and set a new, May 6, 2026, deadline for the Gimbal Defendants to serve their responses. Dkt. No. 124.

On May 8, 2026, after the Gimbal Defendants failed to comply with the Court's second Order, Cuebiq renewed its Ex Parte Motion for Sanctions. Dkt. No. 126. The Court granted the renewed sanctions Motion and set a third, June 29, 2026, deadline for the Gimbal Defendants to serve their discovery responses. Dkt. No. 137. The Court also issued an Order to Show Cause why the Gimbal Defendants' counterclaim should not be dismissed due to their failure to comply with the Court's orders. Dkt. No. 138.

On May 8, 2026, the Fish Attorneys filed the present Motion to withdraw from their representation of the Gimbal Defendants. Dkt. No. 127. Shortly thereafter, attorneys Jodi Benassi and Amol Parikh from the law firm McDermott Will & Shulte ("McDermott") filed a Notice of Appearance on behalf of the Gimbal Defendants. Dkt. No. 128.

//

## II.    DISCUSSION

The Fish Attorneys' Motion represents that: (1) the Gimbal Defendants consent to their withdrawal; (2) the McDermott attorneys will take over the Gimbal Defendants' representation; and (3) the Motion is made in good faith. Dkt. No. 127. Cuebiq opposes the Motion, alleging the withdrawal of the Fish Attorneys: (1) will unduly delay resolution of this case; and (2) complicates Cuebiq's ability to assert the Fish Attorneys may have filed a frivolous counterclaim. Dkt. No. 140. The Court, however, finds that Cuebiq's objections do not outweigh the Gimbal Defendants' and the Fish Attorneys' mutual desire to end their attorney-client relationship.

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *see also Matter of Saber*, No. 21-55913, 2022 WL 11592836, at \*1 (9th Cir. Oct. 20, 2022). In ruling on a motion to withdraw as counsel, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Saber*, 2022 WL 11592836, at \*1 (quoting *Williams v. County of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021)). "Ultimately, '[t]he decision to permit counsel to withdraw is within the sound discretion of the trial court.'" *Westhoff Vertriebsges mbH v. Berg*, No. 22-cv-0938-BAS-SBC, 2024 WL 947803, at \*1 (S.D. Cal. Feb. 14, 2024) (citation omitted).

In this District, a motion to withdraw must: (1) be served on the adverse party and moving attorney's client; and (2) include a declaration regarding service of the motion on those parties. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." *Id.*

As a preliminary matter, the Fish Attorneys have complied with Local Rule 83.3(f)(3). Dkt. No. 127.

The Court has considered all the surrounding circumstances and exercises its discretion to permit the Fish Attorneys to withdraw. The docket reflects a breakdown in

the relationship between the Fish Attorneys and the Gimbal Defendants. *See* Dkt. No. 135 at 6; Dkt. No. 140 at 9; Dkt. No. 145-1 at 2–4.  And the Fish Attorneys and the Gimbal Defendants both desire to end their attorney-client relationship. Under these circumstances, it would be unfair to force both to continue in an apparently broken relationship, especially when the Gimbal Defendants have retained new counsel.

The Court also finds any prejudice or delay that may result from allowing the Fish Attorneys' withdrawal does not justify denying their Motion to Withdraw. This case still is in pretrial discovery, and the McDermott attorneys have taken over the Gimbal Defendants' representation and are actively litigating the case. Moreover, the Fish Attorneys have "helped [the McDermott attorneys] get up to speed" and have represented they will "continue to assist [the McDermott attorneys] with getting up to speed until this motion is granted or further, if needed." Dkt. No 142 at 2.

In sum, the Court finds good cause exists to relieve the Fish Attorneys and exercises its discretion to permit the substitution. The Court expects new counsel to familiarize themselves with the case promptly and ensure their substitution does not unduly delay pretrial proceedings.

## III.   CONCLUSION

For the foregoing reasons, the Fish Attorneys' Motion to Withdraw is GRANTED. Dkt. No. 127. Fish & Richardson P.C. and attorneys Ricardo Bonilla, Aaron Pirouznia, Neil McNabnay, Madelyn McCormick and Excylyn Hardin-Smith are relieved as counsel of record in this action.

1. The Clerk's Office is directed to terminate Ricardo Bonilla, Aaron Pirouznia, Neil McNabnay, Madelyn McCormick and Excylyn Hardin-Smith and Fish & Richardson P.C. on the docket.

2. To the extent additional attorneys from McDermott Will & Emery have not entered appearances in the docket, the Court encourages them to do so immediately.

//

//

25-cv-2255-JAH-DEB

3. All future filings and communications shall be served upon Defendants through their current counsel of record, attorneys from McDermott Will & Emery.

**IT IS SO ORDERED.**

Dated:  June 30, 2026

Daniel E. Butcher
United States Magistrate Judge

25-cv-2255-JAH-DEB