UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUEBIQ GROUP, LLC., Plaintiff, v. PAEDAE, INC., dba GIMBAL and operating as INFILLION, GIMBAL, INC., Defendants. | Case No.: 25-cv-2255-JAH-DEB **ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL FURTHER DISCOVERY RESPONSES AND FOR EXTENSION OF FACT DISCOVERY** **[DKT. NO. 144]** |

## I. INTRODUCTION

Before the Court are Defendants PaeDae, Inc. dba Gimbal and Gimbal, Inc.'s ("Gimbal") Motion to Compel Further Discovery Responses ("Motion to Compel") and for Limited Extension of Fact Discovery ("Motion to Extend"). Dkt. No. 144. Plaintiff Cuebiq Group, LLC ("Cuebiq") opposes the Motions. Dkt. No. 146. For the reasons set forth below, the Court **DENIES** both Motions.

//

//

//

//

//

## II. PROCEDURAL BACKGROUND

On October 28, 2025, this Court issued a Scheduling Order setting a March 27, 2026 fact discovery cut-off. Dkt. No. 85 at 6.[1] At the parties' request, the Court subsequently extended the cut-off to May 29, 2026. Dkt. No. 103 at 1.

On July 23, 2025, Gimbal served its Second Set of Interrogatories, including Interrogatory Nos. 10 and 11, and its Second Set of Requests for Production ("RFP"), including RFP Nos. 38–57. Dkt. Nos. 144-2 ¶¶ 6–7; 144-7; 144-8. On August 22, 2025, Cuebiq responded and objected to numerous requests on, among others, relevance, and proportionality grounds. Dkt. Nos. 144-2 ¶¶ 8–9; 144-9; 144-10.

On January 16, 2026, Gimbal served its Third Set of Requests for Production, including RFP Nos. 58–68. Dkt. Nos. 144-2 ¶ 11; 144-12. On March 23, 2026, Cuebiq responded and objected that numerous requests were, among other things, overbroad, unduly burdensome, and not proportional to the needs of the case. Dkt. Nos. 144-2 ¶ 13; 144-14.

On May 8, 2026, former counsel for Gimbal filed a Motion to Withdraw. Dkt. No. 127. Two days later, current counsel for Gimbal filed a Notice of Appearance. Dkt. No. 128.

On May 21, 2026, Gimbal's new counsel contacted the Court to initiate a dispute concerning Cuebiq's responses and objections to Gimbal's written discovery requests. Dkt. No. 139. On May 27, 2026, the Court held an informal discovery conference. Dkt. No. 141.

On May 29, 2026, fact discovery closed. Dkt. No. 103 at 1.

---

[1] This case was removed from the Southern District of New York ("SDNY"). Dkt. No. 1. In the SDNY case, the fact-discovery cut-off date was extended twice. The SDNY originally set a fact discovery cut-off of May 20, 2025. Dkt. No. 19 at 2. Upon the parties' request, that was extended to August 22, 2025. Dkt. No. 34 at 1. That cut-off was extended again at the parties' request to September 19, 2025. Dkt. No. 42.

On June 12, 2026, Gimbal filed this Motion to Compel and a Motion to Extend the fact discovery cut-off. Dkt. No. 144.

## III. MOTION TO COMPEL

Gimbal's first pending motion seeks to compel further responses to its written discovery served on July 23, 2025 (to which Cuebiq responded on August 22, 2025[2]) and on January 16, 2026 (to which Cuebiq responded on March 23, 2026). Cuebiq contends Gimbal did not diligently preserve and timely raise its disputes over Cuebiq's responses and objections. The Court agrees that Gimbal did not timely preserve its discovery disputes.

Parties seeking to compel discovery must do so in a timely manner. *See KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1135–36 (C.D. Cal. 2018) (denying motion to compel filed four weeks before discovery cut-off because it was untimely); *Washington v. Gustafson*, No. 14-cv-0628-TLN-DB, 2017 WL 616438, at *1 (E.D. Cal. Feb. 15, 2017) (denying motion to compel filed three weeks after scheduling order deadline because it was untimely).

This undersigned's Chambers Rules require parties to raise discovery disputes with the court "within thirty (30) days of the date of the event giving rise to the dispute." Mag. J. Daniel E. Butcher Civ. Chambers R. V.E. (S.D. Cal., June 5, 2025); *see also* Dkt. No. 85 at 6 ("If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue.**") (emphasis in original).

Gimbal's Motion to Compel is untimely under the Court's Chambers Rules and the operative Scheduling Order.

---

[2] The Court presumes that the March 24, 2025 signature date on Cuebiq's responses and objections to Gimbal's Second Set of Requests for Production and Interrogatories is a typographical error. Dkt. Nos. 144-9; 144-10.

The events that give rise to the present dispute occurred on August 22, 2025, when Cuebiq served its responses and objections to Gimbal's Second Set of Requests for Production and Interrogatories, and on March 23, 2026, when Cuebiq served its responses and objections to Gimbal's Third Set of Requests for Production. Dkt. Nos. 144-2 ¶¶ 6–9, 11, 13; 144-9; 144-10; 144-14. Gimbal, however, did not raise these challenges with the Court within thirty days as required. Instead, Gimbal first contacted the Court regarding these disputes on May 21, 2026. Gimbal's Motion to Compel, therefore, is DENIED as untimely. *Stoba v. Saveology.com, LLC*, No. 13-cv-02925-BAS-NLS, 2015 WL 5040024, at *6 (S.D. Cal. Aug. 26, 2015) (affirming Magistrate Judge's denial of motion to compel as untimely under deadline established in the Magistrate Judge's Chambers Rules and scheduling order) (citation omitted); *see also Greer v. County of San Diego*, No. 19-cv-378-JO-DEB, 2022 WL 16951840, at *2–3 (S.D. Cal. Nov. 15, 2022) (finding moving party waived right to bring motion to compel by failing to raise discovery dispute within 30 days as required by Chambers Rules); *Cornerstone Staffing Sols., Inc. v. James*, No. 12-CV-01527-RS (JCS), 2015 WL 13037133 (N.D. Cal. June 8, 2015) (denying motion to compel as untimely, where motion was filed after deadlines established by local rule and court order), *objections overruled*, 2015 WL 13037132 (N.D. Cal. June 24, 2015).

## IV. MOTION TO EXTEND

Gimbal also moves to extend the fact discovery cut-off (which expired on May 29, 2026) by four months until September 30, 2026. Cuebiq opposes an extension, asserting that Gimbal has not diligently pursued and responded to discovery. The Court agrees that Gimbal has not demonstrated the good cause and diligence required to obtain an extension of the fact discovery cut-off.

A request to modify the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4); *see also* Dkt. No. 85 at 9 (the dates set forth in the Scheduling Order Regulating Discovery and Other Pretrial Proceedings "will not be modified except for good cause shown"); Dkt. No. 103 at 2 (Amended Scheduling Order incorporates all other aspects the original Scheduling Order). The good cause inquiry focuses primarily on the

diligence of the requesting party. *Sheridan v. Reinke*, 611 F. App'x. 381, 384 (9th Cir. 2015); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent."); *Stoba*, 2015 WL 5040024, at *7 ("there is 'sound circuit-wide policy' supporting the enforcement of Rule 16 deadlines.") (citations omitted).

Gimbal seeks four additional months to "obtain outstanding materials, complete review of Cuebiq's productions, resolve identified deficiencies, prepare witnesses, conduct party and third-party depositions, and complete discovery relating to issues already in the case." Dkt. No. 144-1 at 20. Gimbal's Motion, however, does not demonstrate that it diligently pursued this discovery within the seven months that fact discovery was open and why it could not complete its fact discovery within the allotted time. To the contrary, and as discussed above in the Court's denial of Gimbal's Motion to Compel, Gimbal did not timely and diligently pursue discovery from Cuebiq.[3]

Gimbal's present Motions follow shortly after Gimbal substituted new counsel in the case. Thus, it appears new counsel reviewed the discovery conducted by former counsel and determined more needed to be done. Substitution of counsel, however, does not establish good cause to extend existing deadlines. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022) (appearance of new counsel does not establish good cause for deadline extensions); *Fid. Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 308 F.R.D. 649, 655 (S.D. Cal. 2015) (finding motion to amend scheduling order "suspect in light of [defendant's] recent substitution of counsel.");

---

[3] Gimbal's lack of diligence is responding to Cuebiq's discovery further confirms its overall lack of diligence. Gimbal violated two court-ordered discovery deadlines, which resulted in imposition of sanctions. Dkt. No. 137.

*see also* Dkt. No. 127 at 2 (Defendants represented that substitution of counsel "would not delay any Court deadline in this proceeding nor would it prejudice any party.").

## V. CONCLUSION

Based on the foregoing, Gimbal's Motion to Compel Further Discovery Responses and Motion to Extend Fact Discovery (Dkt. No. 144) is DENIED.

**IT IS SO ORDERED.**

Dated: August 17, 2026

Daniel E. Butcher
United States Magistrate Judge