UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CUEBIQ GROUP, LLC.,

Plaintiff,

v.

PAEDAE, INC., dba GIMBAL and operating as INFILLION, GIMBAL, INC.,

Defendants.

Case No.: 25-cv-2255-JAH-DEB

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

**[DKT. NO. 138]**

On May 20, 2026, the Court issued an Order to Show Cause why Defendants PaeDae, Inc. dba Gimbal and Gimbal, Inc.'s ("Gimbal") Counterclaim should not be dismissed. Dkt. No. 138. Gimbal responded to the Order and Plaintiff Cuebiq Group, LLC ("Cuebiq") replied. Dkt. Nos. 145, 154. For the reasons discussed below, the Court discharges the Order to Show Cause.

**I. Procedural and Factual Background**

This is a patent infringement and trade secrets case. The parties dispute whether Cuebiq's "CBQ Tech" infringes or misappropriates Gimbal's technology. Cuebiq seeks a declaration that, among other things, it is not infringing on Gimbal's intellectual property. Dkt. No. 1 at 12–13. Gimbal's counterclaim alleges, among other things, that Cuebiq, Inc.

and its predecessor, Beintoo, improperly derived its location-intelligence technology from Gimbal's trade secrets. Dkt. No. 86.

On May 20, 2026, the Court issued an Order to Show Cause why Gimbal's counterclaim should not be dismissed. Dkt. No. 138. The Order arises out of Gimbal's violations of court-ordered deadlines to respond to Cuebiq's Requests for Production of Documents. The first order required Gimbal to begin a rolling document production the week of April 20, 2026 and complete its production by May 1, 2026. Dkt. No. 117. Gimbal neither began a rolling production the week of April 20th nor completed its production by May 1st. Dkt. Nos. 126 at 4–5; 126-8 ¶ 12. The Court then issued a second order requiring Gimbal to complete its production by May 6, 2026. Dkt. No. 124. Gimbal also violated that order. Dkt. Nos. 126 at 6; 126-8 ¶ 18. Following Gimbal's violation of the second order, the Court: (1) sanctioned Gimbal; (2) set a new, June 29, 2026 deadline for Gimbal to complete its production; and (3) issued the Order to Show Cause at issue here. Dkt. Nos. 137–38.

**II. Legal Standard**

The Court's Order to Show Cause requires Gimbal to explain why the Court should not dismiss its Counterclaim pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii). That rule provides that "[if] a party . . . fails to obey a court order to provide or permit discovery, the court [may] . . . strik[e] [the] pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 37(b)(2)(C) allows dismissal for failure to comply with discovery plans and orders . . . .").

Terminating sanctions under Rule 37(b) are severe and are justified only where "the party's violations of the court's orders [are] due to wilfulness [sic] or bad faith." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *see also Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (finding willfulness where defendant "engaged in a consistent, intentional, and prejudicial practice of obstructing discovery by not complying with repeated court orders and not heeding multiple court warnings")

(omitting quotations).

In determining whether to dismiss a claim for failure to comply with a court order, the Court weighs the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (omitting quotations)).

Whether less drastic sanctions are available turns on three sub-factors: (1) "whether the court has considered lesser sanctions"; (2) "whether it tried them"; and (3) "whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

"While the district court need not make explicit findings regarding each of these factors, . . . a finding of 'willfulness, fault, or bad faith' is required for dismissal to be proper." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). "Additionally, the district court must consider 'less severe alternatives' than outright dismissal." *Id.*

**III. Discussion**

Cuebiq argues the Court should dismiss Gimbal's counterclaims because Gimbal failed to meet discovery obligations and court orders, delayed the case, and made several misrepresentations that prejudiced Cuebiq. Dkt. No. 154. Gimbal's response asserts that a terminating sanction is unwarranted because it has undertaken efforts to collect and produce discovery, lesser sanctions are available, and Cuebiq has not suffered the substantial prejudice necessary to justify dismissal. Dkt. No. 145.

*A. Five Factor Test for Terminating Sanctions*

In balancing the factors, the Court considers only the conduct noticed in the Order to Show Cause: Gimbal's failure to comply with Court orders setting May 1, 2026 and May 6, 2026 deadlines to complete its document production. The Court declines Cuebiq's invitation to consider matters falling outside the scope of the Order to Show Cause.

*Compare, e.g.,* Dkt. No. 154 at 7 ("From the inception of this case, Gimbal has not been a good faith participant in discovery"); *id.* at 16-17 ("Gimbal . . . ignored its discovery obligations for nearly 18 months"); *id.* at 18 ("Gimbal refused to [] identify the trade secrets on which its claims are based . . . ."); *and id.* at 26 ("Gimbal willfully withheld source code in New York until the court ordered it"), *with Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 522–23 (9th Cir. 1983) (except for summary criminal contempt proceedings, sanctions are improper when party is not given notice and an opportunity to be heard); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983) ("[t]he court's imposition and selection of sanctions pursuant to Rule 37(b) must be consistent with due process requirements"); *and Banks v. Whambo! Enters.*, LLC, No. 21-56222, 2022 WL 16918023, at *1–2 (9th Cir. Nov. 14, 2022) (vacating sanction order that "focused heavily" on matters outside the scope of the Order to Show Cause).

The Court, therefore, applies the five-factor test to the conduct noticed in the Order to Show Cause.

1. <u>The Public's Interest in Expeditious Resolution</u>

Gimbal's failure to complete its document production by the court-ordered deadlines delayed the completion of discovery. The Court ordered Gimbal to certify completeness of its document production by May 1, 2026, and then by May 6, 2026. Dkt. Nos. 117, 124. Gimbal missed both deadlines. After Gimbal retained new counsel, the Court set a third, June 29, 2026, deadline for Gimbal to complete and certify its document production. Dkt. No. 137. Although Cuebiq raises concerns over Gimbal's production (Dkt. No. 154 at 18; 154-1 ¶ 17), Cuebiq does not allege that Gimbal failed to certify production completeness by June 29, 2026.

Gimbal's missed deadlines delayed completion of its document production by two months (i.e., from May 1, 2026 to June 29, 2026). This factor weighs slightly in favor of dismissal because it delayed the orderly completion of discovery and resolution of the case.

//

//

2. The Court's Need to Manage Its Docket

The Court devoted substantial resources to managing Gimbal's document production. The Court held an informal discovery conference, two hearings, and issued four orders regarding Gimbal's document production. Dkt. Nos. 117, 124, 137, 138. The delays also required the Court to vacate the May 13, 2026 Mandatory Settlement Conference. Dkt. Nos. 132–33. This factor weighs in favor of dismissal. *Womack v. Gibbons*, No. 1:19-CV-00615-KES-SAB (PC), 2025 WL 1355024, at *5 (E.D. Cal. May 9, 2025), *report and recommendation adopted,* 2025 WL 2694719 (E.D. Cal. Sept. 22, 2025) (finding that the court's need to manage its docket weighed in favor of terminating sanctions where the party was subject to two orders to show cause, failed to comply with court deadlines and discovery orders, and obstructed the case's progression).

3. The Risk of Prejudice

Cuebiq incurred substantial attorney's fees in moving to compel responses to its Requests for Production of Documents. Dkt. No. 143. The Court, however, issued a sanctions order requiring Gimbal to pay the attorney's fees Cuebiq incurred in moving to compel Gimbal's document production. Dkt. No. 137.

Cuebiq alleges it is prejudiced by Gimbal's overall discovery conduct, including, among other things, insufficient interrogatory responses, failures to identify the trade secrets at issue, inappropriate "Attorneys' Eyes Only" designations on documents produced, and a delay in producing its expert reports. Dkt. Nos. 154 at 18–21; 154-1 ¶ 18. The Court's Order to Show Cause, however, is limited to Gimbal's failure to complete and certify its document production by May 1st (first deadline) and May 6th (second deadline) as ordered by the Court. The Court, therefore, limits its prejudice analysis accordingly.

Cuebiq suffered prejudice from Gimbal's missed production deadlines. Cuebiq has had less time to prepare for and complete depositions, incorporate Gimbal's documents into its expert reports, and prepare its pre-trial motions. While the Court could mitigate this prejudice by granting Cuebiq extensions, Cuebiq has made no such request.

Because measures to mitigate prejudice to Cuebiq are available, this factor weighs

only slightly in favor of dismissal.[1]

4. The Public Policy Favoring Decisions on the Merits

There is a strong public policy favoring deciding cases on their merits. *Transamerica*., 93 F.4th at 1147. Following the missed production deadlines, Gimbal retained new counsel, presumably certified its production by the Court's third (June 29th) deadline, responded to the Court's Order to Show Cause, and continues to actively litigate this case. This factor weighs against dismissal. *Biden v. Byrne*, No. 2:23-CV-09430-SVW, 2025 WL 2427828, at *6 (C.D. Cal. Aug. 5, 2025) (declining to issue default judgment against a party that "demonstrated intent to litigate [the] case").

5. The Availability and Adequacy of Less Drastic Sanctions

The Court sanctioned Gimbal for its violations of the Court orders. Dkt. No. 137. Although the parties' discovery disputes persist, the Court has not found Gimbal in violation of any other Court orders or discovery obligations following the less drastic monetary sanction. This factor weighs against dismissal.

*B. Balancing the Factors*

Based on the foregoing, the Court concludes the first three factors (public interest in expeditious resolution, docket management, and prejudice to Cuebiq) either favor or slightly favor dismissal, and the fourth and fifth factors (public policy favoring disposition on the merits and the availability of less drastic sanctions) weigh heavily against dismissal.

On balance, the Court concludes that the strong public policy favoring disposition

---

[1] Cuebiq's reliance on *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406 (9th Cir. 1990) is misplaced. The Ninth Circuit concluded "the district court's entry of default was a proper sanction for the outrageous behavior of [plaintiff]" after the plaintiff repeatedly failed to produce documents as ordered, failed to appear for numerous scheduled depositions, made misrepresentations concerning deposition attendance, failed to provide court-ordered information concerning a party's identity, disobeyed orders issued by both the district court and a special master, and failed to pay previously issued monetary sanctions. *Adriana*, 913 F.2d at 1409–13, 1417. By contrast, Gimbal's document production was late, not permanently withheld, and there is no comparable pattern of "outrageous behavior" that demonstrates the futility of lesser sanctions. *Id.* at 1417.

on the merits and the efficacy to date of the less drastic monetary sanction outweigh the factors favoring dismissal. The Court, therefore, concludes dismissal is not appropriate.

*C. The Petersen Declaration*

Gimbal has submitted a declaration from its Chief Legal Officer, Keith Peterson, in support of its Response to the Order to Show Cause. Dkt. No. 145-1. Cuebiq asks the Court to disregard the Petersen Declaration, or, in the alternative, requests leave to depose him. Dkt. No. 154 at 23–24. In deciding this matter, however, the Court has not relied on the Petersen Declaration. Instead, the Court finds the objective evidence in the record sufficient to resolve this matter. The Court, therefore, denies Cuebiq's request to depose Peterson.

**IV. Conclusion**

For the foregoing reasons, the Court Order to Show Cause is discharged.

**IT IS SO ORDERED**.

Dated: September 9, 2026

Daniel E. Butcher
United States Magistrate Judge