UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAEDAE, INC. d/b/a GIMBAL, GIMBAL, INC.,<br>Plaintiffs,<br>v.<br>CUEBIQ, INC.,<br>Defendant. | Case No.: 3:23-cv-00335-JAH-DEB<br>Related Case No.: 3:25-cv-02255-JAH-DEB<br><br>**ORDER:**<br><br>**(1) CONSOLIDATING CASES;**<br><br>**(2) DENYING CUEBIQ GROUP, LLC'S EX PARTE MOTION TO FILE SUPPLEMENTAL BRIEF; AND**<br><br>**(3) DENYING IN PART CUEBIQ GROUP, LLC'S MOTION TO DISMISS AMENDED COUNTERCLAIMS**<br><br>**[3:23-cv-00335, Dkt. No. 42]**<br>**[3:25-cv-02255, Dkt. Nos. 87, 107, 162]** |

Before the Court are PaeDae, Inc. d/b/a Gimbal and Gimbal, Inc.'s (together, "PaeDae") Unopposed Motions to Consolidate Related Cases in the above-captioned matters, filed pursuant to Federal Rule of Civil Procedure 42(a). *PaeDae, Inc. v. Cuebiq, Inc.*, No. 3:23-cv-00335-JAH-DEB ("*Cuebiq I*"), Dkt. No. 42-1; *Cuebiq Grp., LLC v.*

*PaeDae, Inc.*, No. 3:25-cv-02255-JAH-DEB ("*Cuebiq II*"), Dkt. No. 87-1.[1]

PaeDae represents that Cuebiq Group, LLC ("CBQ"), the plaintiff and counterclaim defendant in *Cuebiq II*, does not oppose the Motion.[2] *Cuebiq I*, Dkt. No. 42-1 at 4; *Cuebiq II*, Dkt. No. 87-1 at 4. Neither CBQ nor Cuebiq, Inc. ("Cuebiq")—the defaulted defendant in *Cuebiq I* and defaulted counterclaim defendant in *Cuebiq II*—filed an opposition or a statement of non-opposition as required by CivLR 7.1.f.3.a, and the Court therefore deems each to have consented to the Motion. *See* CivLR 7.1.f.3.c.

For the reasons discussed below, the Court **GRANTS** the motions to consolidate the above-captioned matters, **DENIES** CBQ's Ex Parte Motion to File Supplemental Brief in Support of Its Motion to Dismiss, and **DENIES IN PART** CBQ's Motion to Dismiss PaeDae's Amended Counterclaims.[3]

## PROCEDURAL BACKGROUND

For clarity, the Court will begin by outlining the relevant procedural history of the related *Cuebiq I* and *Cuebiq II* actions.

### A. The *Cuebiq I* Action

On February 21, 2023, PaeDae filed suit against Cuebiq in the *Cuebiq I* action alleging trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426–3426.11 ("CUTSA"), and New York common law; breach of contract; and fraud. *Cuebiq I*, Dkt. No. 1 ("PaeDae Complaint") at 19–25. PaeDae's claims arise from Cuebiq's alleged failure to pay licensing fees required under a "License Agreement" for the use of PaeDae's "location intelligence IP, software, tools, and other technologies, which collectively

---

[1] Because the motions are substantively identical in seeking to consolidate *Cuebiq II* into *Cuebiq I*, the Court refers to the motions as a single "Motion" to be resolved by the instant order entered in both cases.

[2] CBQ does not concede the factual characterizations in support of the Motion. *Cuebiq I*, Dkt. No. 42-1 at 4; *Cuebiq II*, Dkt. No. 87-1 at 4.

[3] *Cuebiq II*, Dkt. Nos. 107, 162.

constitute the 'Gimbal Technology.'" *Id*. ¶¶ 11, 15–41. Specifically, PaeDae alleges that Cuebiq's CEO "made false and misleading statements and concealed the breach of the License Agreements" and that "Cuebiq's current products incorporate the Gimbal Technology or derivatives of the Gimbal Technology." *Id*. ¶¶ 93–94.

On May 8, 2023, Cuebiq moved to dismiss the complaint, arguing that Cuebiq was not a party to the License Agreement, that PaeDae failed to allege any basis for successor liability against Cuebiq, and that PaeDae's claims were barred by the applicable statutes of limitations. *Cuebiq I*, Dkt. No. 21 at 16–30. On March 27, 2024, the Court denied Cuebiq's motion, finding that PaeDae plausibly alleged that Cuebiq is subject to successor liability and that the action was not barred by the applicable statutes of limitations. *See generally Cuebiq I*, Dkt. No. 26.

On April 9, 2024, the Court granted the parties' joint motion to extend time for Cuebiq to respond to PaeDae's complaint, setting the new response deadline for April 17, 2024. *Cuebiq I*, Dkt. No. 28.

On April 11, 2024, counsel for Cuebiq moved to withdraw as counsel on the basis that "Cuebiq has had its assets foreclosed upon by its finance lender through a non-judicial foreclosure" such that "Cuebiq has been left with no assets to pay counsel or to otherwise defend itself in this proceeding." *Cuebiq I*, Dkt. No. 29 at 3.

On April 29, 2024, PaeDae filed a request for the Clerk to enter default against Cuebiq for Cuebiq's failure to "plead or otherwise defend against [PaeDae's] Complaint." *Cuebiq I*, Dkt. No. 31 at 2. On April 30, 2024, the Clerk entered default against Cuebiq. *Cuebiq I*, Dkt. No. 32.

On May 2, 2024, the Court denied the motion of Cuebiq's counsel to withdraw, citing counsel's failure to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," as required before termination of representation. *Cuebiq I*, Dkt. No. 33 at 3.

On May 30, 2024, PaeDae moved for default judgment against Cuebiq. *Cuebiq I*, Dkt. No. 35.

On October 4, 2024, CBQ filed suit against PaeDae in the Southern District of New York. *Cuebiq Grp., LLC v. PaeDae, Inc.*, No. 1:24-cv-07542-JGLC (S.D.N.Y. filed Oct. 4, 2024) (the "SDNY Action"); *see also infra* Procedural Background, Section B (The *Cuebiq II* Action).

On October 25, 2024, PaeDae filed a notice of related cases informing the Court of an "identical" second-filed action that "involve[s] essentially the same parties, implicate[s] the same underlying facts and questions of law, and [is] based on the same claims" and requesting that both actions be assigned to the same district judge in the event the *Cuebiq II* action is transferred to this District. *Cuebiq I*, Dkt. No. 36 at 2.

On October 31, 2024, the Court denied PaeDae's motion for default judgment against Cuebiq, citing PaeDae's failure to specify the amount and form of relief it sought. *Cuebiq I*, Dkt. No. 37 at 4.

On May 1, 2025, the Court ordered PaeDae to show cause why the Court should not dismiss the action for PaeDae's failure to prosecute. *Cuebiq I*, Dkt. No. 38 at 1.

On May 15, 2025, PaeDae timely responded to the Court's order, arguing that good cause exists to keep the action open because PaeDae was "in a procedural limbo whereby claims and issues that are substantially similar to those in this case are being litigated in another, improper, lawsuit while the parties await a ruling on PaeDae's Motion to Dismiss." *Cuebiq I*, Dkt. No. 39-1 ¶¶ 21–22. PaeDae explained that "assets that were divested from the defendant, *Cuebiq* Inc. ('Cuebiq'), were transferred to an entity called Cuebiq Group, LLC ('CBQ')" and that "PaeDae [was] involved in ongoing proceedings and discovery, with a related entity, in litigation that directly impacts this SDCA Action." *Id.* ¶ 2. In addition, PaeDae represented that it "intends to proceed accordingly in this SDCA Action either by filing an amended motion for default judgment with additional information for this Court, or by taking the necessary steps to address any potential claims CBQ may seek to add in this matter, including if the SDNY Action is transferred to this Court to be consolidated with this SDCA Action." *Id.* ¶ 23.

On August 21, 2025, the SDNY court ordered the *Cuebiq II* action transferred to the

Southern District of California, finding that the action "involves similar parties, parties with the same interests, and substantially similar issues as the previously-filed [*Cuebiq I*] action in the Southern District of California." *Cuebiq II*, Dkt. No. 45 at 1.

On September 24, 2025, PaeDae filed a second notice of related cases informing the Court of the transfer and requesting that both cases proceed under the same district judge. *Cuebiq I*, Dkt. No. 40 at 3.

On November 4, 2025, the *Cuebiq I* action was reassigned to this Court, placing both actions before this Court. *Cuebiq I*, Dkt. No. 41; *Cuebiq II*, Dkt. No. 47.

On November 17, 2025, PaeDae filed the instant Motion to consolidate the cases. *See generally Cuebiq I*, Dkt. No. 42; *Cuebiq II*, Dkt. No. 87.

On September 18, 2026, PaeDae filed a renewed motion for default judgment against Cuebiq on its breach of contract and fraud claims, which is set for hearing on October 21, 2026. *Cuebiq I*, Dkt. No. 44. PaeDae's motion argues that Cuebiq "has completely abandoned this action" and "never answered the Complaint after its motion to dismiss was denied, has never sought to set aside the Clerk's entry of default, and has not otherwise appeared or defended this case." *Id.*, Dkt. No. 44-1 at 5. The motion remains pending with this Court.

B. <u>The *Cuebiq II* Action</u>

By its terms, CBQ initiated the *Cuebiq II* action in direct response to the *Cuebiq I* litigation. *Cuebiq II*, Dkt. No. 1 ("CBQ Complaint"). The CBQ Complaint expressly identifies events relating to the *Cuebiq I* action as the basis for CBQ's request for declaratory judgment as to PaeDae's claims against Cuebiq. CBQ Compl. ¶¶ 1–3, 51–59. Specifically, CBQ admits that Cuebiq is a "prior owner" of CBQ's "intellectual property that uses location services on a smartphone to approximate and collect the latitude and longitude coordinates of the smartphone user over time (the 'CBQ Tech')," CBQ Compl. ¶¶ 1–2, but argues that PaeDae cannot hold CBQ liable for Cuebiq's debts "because (a) CBQ's product offerings do not misappropriate or infringe upon any intellectual property, including the Gimbal Tech, owned by Defendants; and (b) due to the nature and structure

of the foreclosure sale, CBQ is not a successor to Cuebiq, and it did not assume any of Cuebiq's liabilities in the foreclosure sale."[4] *Id.* ¶ 58. Accordingly, CBQ initiated the *Cuebiq II* action for the sole purpose of obtaining a declaratory judgment that the CBQ Tech (a) "does not infringe upon the Gimbal Tech or any other intellectual property owned by Defendants, under the DTSA"; (b) "does not infringe upon the Gimbal Tech or any other intellectual property owned by Defendants, under the [CUTSA]"; (c) "does not misappropriate the Gimbal Tech or any other intellectual property owned by Defendants under New York common law"; and (d) that CBQ "is not a successor to Cuebiq such that it could be responsible for any debts owed by Cuebiq." *Id.* ¶¶ 1, 63.

Although the *Cuebiq II* action was initiated in response to *Cuebiq I*, *Cuebiq II* has proceeded on its own timeline and without any involvement from Cuebiq, the sole defendant in *Cuebiq I*.

---

[4] CBQ's Complaint also provides the following allegations:

- In 2021, "[t]o secure its obligations for the funds advanced under the Loan Agreement, Cuebiq pledged all of its assets as collateral, including the CBQ Tech (the 'Collateral')" to "Espresso Capital Ltd. and one of its funds (together, 'Espresso')";
- "[I]n June 2023, Espresso foreclosed on the Collateral pledged by Cuebiq to secure the loan via private foreclosure sale under the Uniform Commercial Code";
- "The purchaser in the foreclosure sale was CBQ, which at the time was named Espresso Special Acquisition LLC";
- "CBQ provided good and valuable consideration for the Collateral by executing a loan and security agreement in favor of Espresso with a principal balance of $15,000,000. CBQ did not assume any of the obligations under the Loan Agreement between Cuebiq and Espresso";
- "There is no overlap in ownership of Cuebiq and CBQ: none of the owners of Cuebiq own any interest in CBQ and vice versa";
- "Following the foreclosure sale, CBQ's product offerings included the Cuebiq SDK incorporating the CBQ Tech"; and
- The *Cuebiq I* action was filed "[p]rior to [Cuebiq's] April 30, 2023 default under the amended Loan Agreement."

CBQ Compl. ¶¶ 40–41, 46–51.

On December 2, 2024, in an effort to streamline the actions, PaeDae timely moved to dismiss the *Cuebiq II* action pursuant to the first-to-file rule, arguing the action is "essentially identical and substantially related" to the *Cuebiq I* action. *Cuebiq II*, Dkt. No. 14 at 9. The SDNY court granted PaeDae's motion to dismiss on August 21, 2025, transferring the matter to this District rather than dismissing it, after finding that the SDNY Action "involves similar parties as the California Action and involves parties with the same interests," and that the two actions "involve substantially similar issues because the claims arise out of identical facts." *Cuebiq II*, Dkt. No. 45 at 8–10.

On November 17, 2025, after *Cuebiq II* was transferred to this District, PaeDae filed its answer to CBQ's complaint and asserted counterclaims against CBQ and Cuebiq. *Cuebiq II*, Dkt. No. 86. PaeDae's counterclaims asserted against Cuebiq the same five claims that PaeDae asserts in *Cuebiq I* (Counts 1–5), along with three additional claims of fraud (Counts 6–8) and one claim of successor liability as to CBQ (Count 9) arising from "a private foreclosure sale" that "transferred all of [Cuebiq's] assets as collateral, including the CBQ Tech" to CBQ. *Id.* ¶¶ 245–46. That same day, PaeDae also filed the instant Motion seeking to consolidate *Cuebiq II* into *Cuebiq I*. *See generally Cuebiq I*, Dkt. No. 42; *Cuebiq II*, Dkt. No. 87.

On January 16, 2026, PaeDae amended its answer and counterclaims against CBQ and Cuebiq pursuant to Rule 15(a)(1)(B). *Cuebiq II*, Dkt. Nos. 86, 99. PaeDae's counterclaims continue to assert against Cuebiq the same five claims that PaeDae asserts in *Cuebiq I* (Counts 1–5), along with claims for intentional and constructive fraudulent transfer, conspiracy to defraud, and successor liability (Counts 6–9), through which PaeDae expressly seeks to hold CBQ liable "for Cuebiq's obligations and any damages awarded against Cuebiq" in "all of [PaeDae's] pleaded causes of action" as "a successor in interest to Cuebiq." *Id.*, Dkt. No. 99 ¶ 274 & Prayer for Relief ¶¶ F–H.

On February 13, 2026, CBQ moved to dismiss PaeDae's counterclaims, arguing that the counterclaims incorporating PaeDae's claims in *Cuebiq I* (Counts 1–5) are barred by the applicable statutes of limitations, that the fraud-based allegations (Counts 5–6, 8) are

improperly pleaded under the heightened pleading standard of Rule 9(b), that the fraudulent transfer claims (Counts 6–7) fail to allege the transfer of an asset, and that the successor liability claim (Count 9) is improperly pleaded, including because it cannot be brought as an independent cause of action. *See Cuebiq II*, Dkt. No. 107 at 13–30.

Although Cuebiq was served with PaeDae's amended counterclaims on February 16, 2026, Cuebiq has not responded or otherwise appeared in the *Cuebiq II* action as of the date of this Order.[5] *See Cuebiq II*, Dkt. No. 108. On March 3, 2026, PaeDae filed a request for the Clerk to enter default against Cuebiq for Cuebiq's failure to "plead or otherwise defend against [PaeDae's] First Amended Answer, Affirmative Defenses, and Counterclaims." *Cuebiq II*, Dkt. No. 111 at 2. The Clerk entered default against Cuebiq on March 16, 2026. *Cuebiq II*, Dkt. No. 112.

On August 18, 2026, CBQ filed an ex parte motion to file a supplemental brief in support of CBQ's pending motion to dismiss PaeDae's amended counterclaims based on "recently disclosed" information obtained from PaeDae's supplemental interrogatory responses relating to CBQ's argument that PaeDae's counterclaims are time-barred. *Cuebiq II*, Dkt. No. 162 at 2. This motion and CBQ's motion to dismiss are currently pending before this Court.

Finally, on September 18, 2026, PaeDae filed a motion for leave to file a motion for default judgment against Cuebiq, arguing PaeDae's failure to timely file its motion for default judgment "resulted from the withdrawal of prior counsel and substitute counsel's diligent efforts to develop the evidentiary record necessary to support default judgment." *Cuebiq II*, Dkt. No. 184 at 2. PaeDae represents that "[t]here is no prejudice to Cuebiq, which has not appeared or otherwise participated in this [*Cuebiq II*] litigation." *Id*. This

---

[5] Cuebiq did not respond to PaeDae's original counterclaims, and CBQ's motion to dismiss PaeDae's original counterclaims was denied as moot after the Court granted a joint motion to extend CBQ's deadline to respond to PaeDae's amended counterclaims. *See Cuebiq II*, Dkt. No. 105 at 1.

motion also remains pending before this Court.

Aside from PaeDae's motions for default judgment against Cuebiq in both actions[6] and CBQ's motion to dismiss PaeDae's amended counterclaims in the *Cuebiq II* action,[7] several discovery motions and issues remain pending in the *Cuebiq II* action. These include: (1) PaeDae's objection under Rule 72(a) to the order denying its motion to extend fact discovery;[8] (2) the parties' cross-motions to compel and CBQ's related motion to seal;[9] (3) CBQ's submission of the fees and costs to be awarded as a discovery sanction, and PaeDae's related objection and motion for leave to file a sur-reply;[10] and (4) PaeDae's motion to modify the protective order in support of its motion for default judgment against Cuebiq, on which the parties were ordered to meet and confer by September 28, 2026, with any opposition due by October 2, 2026.[11] Apart from the Rule 72(a) objection, all pending discovery issues are set before Magistrate Judge Butcher.

## DISCUSSION

A. Consolidation of *Cuebiq II* into *Cuebiq I*

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). District courts have "broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *see also Staublein v. Acadia Pharms. Inc.*, No. 18-cv-1647-AJB-BGS, 2019 U.S. Dist. LEXIS 30592, at *4–5 (S.D. Cal. Feb. 26, 2019). In exercising that discretion, a court "weighs the saving of time and effort consolidation would produce

---

[6] The motion for leave, along with PaeDae's renewed motion for default judgment against Cuebiq in *Cuebiq I*, is set for hearing before this Court on October 21, 2026. *See Cuebiq I*, Dkt. No. 44; *Cuebiq II*, Dkt. Nos. 182, 184.

[7] *Cuebiq II*, Dkt. Nos. 107, 162.

[8] *Id.*, Dkt. No. 172.

[9] *Id.*, Dkt. Nos. 173–175.

[10] *Id.*, Dkt. Nos. 143, 153, 155, 159.

[11] *See id.*, Dkt. Nos. 181, 185.

against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984), *abrogated on other grounds by Hall v. Hall*, 584 U.S. 59 (2018); *see also Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation"). Consolidation is also among the remedies available when a party maintains "two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Here, the record is clear that *Cuebiq I* and *Cuebiq II* involve common questions of law and fact. The principal legal issues in both *Cuebiq I* and *Cuebiq II* relate to whether Cuebiq's technology, which is now used by CBQ, misappropriates the Gimbal Technology under the DTSA, CUTSA, and New York common law. The parties are substantially similar because both actions arise from PaeDae's allegations against Cuebiq—allegations that extend to CBQ as an alleged successor in interest to Cuebiq. Indeed, PaeDae's counterclaims in *Cuebiq II* assert against Cuebiq the same five claims it asserts in *Cuebiq I* and expressly extend liability on those claims to CBQ. *See Cuebiq II*, Dkt. No. 99 ("PaeDae Am. CC") ¶ 274. Thus, the Court finds that consolidation is appropriate to conserve judicial resources, minimize the expenditure of time and money by all concerned, and avoid potentially inconsistent outcomes. *See Huene*, 743 F.2d at 704. Consolidation is also appropriate to eliminate duplication resulting from PaeDae asserting the same claims against the same defendant (Cuebiq) in two separate actions before this Court. *See Adams*, 487 F.3d at 688.

The Court also finds that consolidation will not cause undue delay, confusion, or prejudice. Apart from PaeDae's renewed motion for default judgment, *Cuebiq I* has been largely dormant since PaeDae raised the duplication issues regarding the SDNY Action in its response to the Court's order to show cause. *See Cuebiq I*, Dkt. Nos. 38, 39, 44.

Because the sole defendant in *Cuebiq I* (Cuebiq) is in default and no discovery is required from it, consolidation will not delay the proceedings in *Cuebiq II*. As to *Cuebiq II*, that action was initiated in direct response to *Cuebiq I* by CBQ, a third party to the *Cuebiq I* action. *See generally* CBQ Compl. Absent further order from this Court, consolidation does not reopen or extend any discovery or existing deadlines in *Cuebiq II*, does not modify the protective order entered in *Cuebiq II*, and, except as provided below, leaves all pending motions in both actions pending. For example, consolidation does not resolve the pending motions for default judgment against Cuebiq, which the Court will address separately, including the Court's determination of whether entry of judgment against Cuebiq should await resolution of the overlapping claims that CBQ is contesting. *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). With these safeguards, the Court finds that the benefits of consolidation outweigh any potential for delay, confusion, or prejudice. Accordingly, the Court GRANTS PaeDae's motions to consolidate *Cuebiq II* into *Cuebiq I*. *Cuebiq I*, Dkt. No. 42; *Cuebiq II*, Dkt. No. 87.

B. <u>CBQ's Pending Motions in *Cuebiq II*</u>

Next, the Court will address two of CBQ's pending motions relating to the parties' pleadings in *Cuebiq II*.

1. <u>CBQ's Ex Parte Motion to File Supplemental Brief</u>

More than four months after briefing on CBQ's motion to dismiss closed, CBQ moved for leave to file a six-page supplemental brief in support of its motion. *Cuebiq II*, Dkt. No. 162; *see id.*, Dkt. No. 162-1 ("Proposed Supplemental Brief"). CBQ relies on PaeDae's June 29, 2026, supplemental response to CBQ's Interrogatory No. 23, which asked PaeDae to identify the documents or information it reviewed in the 2021 data room for Cuebiq's proposed sale of its Clara technology that caused PaeDae to believe Cuebiq had misappropriated its trade secrets. *Id.*, Dkt. No. 162 at 5–6. The supplemental response identifies four agreements with effective dates between November 2013 and September 2014, including the Gimbal Developer Agreement, and states: "Based on this review, [PaeDae] looked into Cuebiq, Inc.'s use of Gimbal's intellectual property." *Id.*, Dkt. No.

162-4 at 21–22. CBQ reads that response as an admission that "the 'recently discovered information' on which [PaeDae] claims entitlement to the discovery rule . . . is nothing more than the Developer Agreements it signed in 2014 and investigated for breach in 2016," and it argues that PaeDae "cannot 'discover' in 2021 something it has always had and which it investigated for breach a decade ago." *Id.*, Dkt. No. 162 at 2.

PaeDae opposes the motion, arguing the response does not say what CBQ attributes to it and noting it has since served a second supplemental response stating that its earlier response "should not be construed as stating that Defendants invoke the discovery rule based on when they reviewed the Gimbal Developer Agreement, Amendment, Addendum, or Mutual Non-Disclosure Agreement in 2021." *Id.*, Dkt. No. 164 at 2–6; *id.*, Dkt. No. 164-2 at 22. PaeDae also argues that a post-pleading discovery response cannot be considered on a motion under Rule 12(b)(6). *Id.*, Dkt. No. 164 at 7–9.

Whether to permit supplemental briefing is committed to the Court's discretion. The Court "has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). Both parties frame the inquiry as whether CBQ has shown good cause for supplemental briefing. *Cuebiq II*, Dkt. No. 162 at 6–7; *id.*, Dkt. No. 164 at 4. CBQ does not rely on any change in the law. By its own account, the Proposed Supplemental Brief "does not make new argument"; it seeks to show how PaeDae's supplemental response "further supports" arguments already presented in CBQ's motion to dismiss and reply. *Id.*, Dkt. No. 162 at 6. Whether supplemental briefing would assist the Court therefore turns on whether the Court may consider the supplemental response, and the inference CBQ draws from it, in deciding a motion under Rule 12(b)(6).

The Court declines to permit the Proposed Supplemental Brief because it rests on material the Court may not consider at the motion to dismiss stage. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, under the incorporation-by-reference doctrine, courts may

consider a document outside the pleading for purposes of evaluating a motion to dismiss "if the [counterclaimant] refers extensively to the document or the document forms the basis of the [counterclaimant]'s claim." *Id.* at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Here, PaeDae's supplemental interrogatory response satisfies neither condition. The response was served more than five months after PaeDae filed its amended counterclaims, and the amended counterclaims do not refer to or rely on it. *See generally* PaeDae Am. CC. The response likewise does not form the basis of counterclaims that were pleaded before it existed. CBQ offers the response instead to defeat the counterclaims' discovery-rule allegations, and a document offered for that purpose "merely creates a defense to the well-pled allegations" and is not incorporated. *Khoja*, 899 F.3d at 1002. CBQ's alternative theory—that because the counterclaims rely on "recently discovered information," "the identity of that information is incorporated by reference," *Cuebiq II*, Dkt. No. 162-1 at 3—fares no better. Under that approach, any interrogatory answer elaborating on a pleaded allegation could be inserted into the pleading and used to test its sufficiency. Although the doctrine "is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1003. To the extent CBQ contends that PaeDae "purposely obscured through artful pleading" the information on which it relies, *Cuebiq II*, Dkt. No. 162 at 10, that contention goes to whether the amended counterclaims adequately plead the discovery rule—a question CBQ's motion to dismiss already presents and that turns on the pleading itself. *See id.*, Dkt. No. 107 at 13–20.

Nor does the Gimbal Developer Agreement itself support supplemental briefing. That agreement was already before the Court with CBQ's motion, *see Cuebiq II*, Dkt. No. 107 at 17 & n.4, and what the Proposed Supplemental Brief would add is CBQ's characterization of PaeDae's discovery response—a characterization PaeDae disputes and has disclaimed. *See id.*, Dkt. No. 164 at 4–6; *id.*, Dkt. No. 164-2 at 22. For the same reason, CBQ's argument that PaeDae waived any objection to incorporation of the agreements by not contesting the point in opposing the motion to dismiss is beside the

point. *See id.*, Dkt. No. 162 at 9. Even assuming the agreements are incorporated, that would not bring the supplemental response before the Court. And PaeDae, which opposed the motion to dismiss nearly three months before it served the supplemental response, *see id.*, Dkt. No. 113, could not have waived an objection to the use of a document that did not yet exist. Even when a document is properly incorporated, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint," a rule "consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. The Proposed Supplemental Brief asks the Court to resolve precisely such a dispute against PaeDae. Judicial notice is likewise unavailable. CBQ does not request it, and a court may not judicially notice a document's contents where they are "subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Khoja*, 899 F.3d at 1000 (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)); *see* Fed. R. Evid. 201(b). That is the case here. CBQ's argument depends entirely on an inference from the supplemental response that PaeDae disputes. The Court therefore excludes the interrogatory responses from consideration and declines to convert CBQ's motion into one for summary judgment.[12] *See* Fed. R. Civ. P. 12(d).

In addition, the argument CBQ seeks to advance is one the Court has already rejected. In *Cuebiq I*, Cuebiq argued that the discovery rule could not delay accrual of the

---

[12] To be clear, CBQ does not request conversion, but rather maintains that its request "is not inconsistent with the procedural obligations attendant to a Rule 12(b)(6) motion." *Cuebiq II*, Dkt. No. 162 at 8. Conversion would require that all parties "be given a reasonable opportunity to present all the material that is pertinent to the motion" and would transform a fully briefed challenge to the sufficiency of PaeDae's pleading into an evidentiary contest over the discovery rule, framed by a single discovery response selected and characterized by one side. *See* Fed. R. Civ. P. 12(d). Although the Court recognizes CBQ's efforts to obtain this information in discovery, *see Cuebiq II*, Dkt. No. 162 at 4–5, 7, the timing of PaeDae's disclosure does not change the scope of the record on a motion to dismiss.

breach of contract claim because PaeDae should have known that a license agreement existed, pointing to PaeDae's allegation that it "discovered the still-in-force Licensing Agreement" during its 2021 diligence. *Cuebiq I*, Dkt. No. 26 (the "Cuebiq I Order") at 11 (quoting PaeDae Compl. at 12). In denying Cuebiq's motion to dismiss, the Court held that the argument was "based on a misunderstanding of Gimbal's tolling theory," because "Gimbal is not arguing that their discovery of the licensing agreement is why the discovery rule should apply." *Id.* at 12. The amended counterclaims plead the same theory: that Cuebiq's repeated misrepresentations prevented PaeDae from discovering Cuebiq's use of the Gimbal Technology until PaeDae's 2021 diligence. *See* PaeDae Am. CC ¶¶ 77, 163, 169, 176, 192, 211. And the 2016 inquiry that CBQ also invokes is not new information, as the amended counterclaims allege it and CBQ's motion to dismiss already relies on it. *See* PaeDae Am. CC ¶¶ 65–68; *Cuebiq II*, Dkt. No. 107 at 15, 18. Accordingly, the Court DENIES CBQ's ex parte motion to file the Proposed Supplemental Brief.[13] Because leave is denied, PaeDae's alternative request for leave to file a supplemental opposition of equal length is DENIED as moot. *Cuebiq II*, Dkt. No. 164 at 9.

2. CBQ's Motion to Dismiss Counts 1–5 as Time-Barred

This Order addresses only CBQ's motion to dismiss Counts 1–5 of PaeDae's amended counterclaims for violation of the DTSA, violation of CUTSA, trade secret misappropriation under New York common law, breach of contract, and fraud, on the basis that the claims are barred by the applicable statutes of limitations. *See Cuebiq II*, Dkt. No. 107 at 13–20.

Although PaeDae asserts Counts 1–5 only against Cuebiq, Count 9 expressly seeks to hold CBQ liable as to all of PaeDae's causes of action as Cuebiq's alleged successor in

---

[13] This ruling does not preclude any party from relying on PaeDae's interrogatory responses in a properly noticed motion under Federal Rule of Civil Procedure 56 or at trial, subject to the scheduling order and the Federal Rules of Evidence. Nor does the Court express any view on the meaning or evidentiary weight of those responses.

interest. PaeDae Am. CC ¶ 274. CBQ contends that the counterclaims do not plead facts sufficient to invoke the discovery rule because they allege conduct from 2015 through 2017 that PaeDae knew of, or had reason to suspect, including through its own 2016 inquiry to Cuebiq's CEO, and because the Gimbal Developer Agreement gave PaeDae access to usage data that would have revealed any unlicensed use of the Gimbal Technology. *Cuebiq II*, Dkt. No. 107 at 13–20. PaeDae responds that the Court rejected the same arguments as to the same claims in *Cuebiq I* and that, consistent with the Court's holding in the Cuebiq I Order, its allegations of Cuebiq's repeated misrepresentations, and PaeDae's reliance on them, invoke the discovery rule. *Id.*, Dkt. No. 113 at 11–16; Cuebiq I Order at 12–13. In reply, CBQ argues that the Court's ruling in *Cuebiq I* does not bind CBQ, which was not a party to that action, and that its motion raises arguments not presented there. *Cuebiq II*, Dkt. No. 114 at 5–6 & n.1.

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All allegations of "material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). These standards govern counterclaims as well as complaints. *See* Fed. R. Civ. P. 12(b). A claim may be dismissed under Rule 12(b)(6) as "barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

As a threshold matter, the Court agrees with PaeDae that it has already considered whether these claims are time-barred. In *Cuebiq I*, Cuebiq moved to dismiss PaeDae's complaint—which pleaded the same five claims now asserted in Counts 1–5—on the ground, among others, that each claim was barred by the applicable statute of limitations. *See* Cuebiq I Order at 9. PaeDae alleges in both actions that Cuebiq and Beintoo, Inc.

("Beintoo"), Gimbal's counterparty to the License Agreement, are "actually the same company." PaeDae Compl. ¶¶ 12, 16, 41, 76; PaeDae Am. CC ¶¶ 13, 17, 42, 80. Cuebiq argued that PaeDae knew or should have suspected its claims from Beintoo's 2014 and 2015 public announcements of the BeAudience product and from Cuebiq's February 2016 launch, and that a party suspecting misappropriation must investigate "rather than simply take the alleged wrongdoer's word for it." Cuebiq I Order at 10–13 (quoting *Cuebiq I*, Dkt. No. 21 at 24). The Cuebiq I Order rejected those arguments, finding PaeDae's allegations that it relied on the assurances of Beintoo's and Cuebiq's CEO—that "there was no commercial launch" and that Cuebiq was not using the Gimbal Technology—to be sufficient to invoke the discovery rule. The Court reasoned that "[t]he recipient of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he undertaken an investigation." *Id.* at 12 (quoting *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003)). Thus, in *Cuebiq I*, the Court found that PaeDae had "adequately pled that the discovery rule applies to all causes of action." *Id.* at 13.

The Court need not decide whether, now that the actions are consolidated, the Cuebiq I Order is law of the case as to CBQ. Under that doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)). But the doctrine "directs a court's discretion, it does not limit the tribunal's power," *Arizona v. California*, 460 U.S. 605, 618 (1983), and it "does not preclude a court from reassessing its own legal rulings in the same case," *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018).[14]

[14] Unlike in *Askins*, which involved a court "reassessing its own legal rulings," the Cuebiq I Order was entered by a different district judge before the case was reassigned to this Court. *See Askins*, 899 F.3d at 1042; *Cuebiq I*, Dkt. No. 41. That difference does not change the analysis because interlocutory rulings "may be modified to the same extent if the case is reassigned to another judge." *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir.

Rather than rest on the doctrine, the Court has independently reviewed the amended counterclaims and the parties' briefs. It finds the analysis of the Cuebiq I Order persuasive, adopts it, and concludes that it applies with full force to Counts 1–5.

Here, Counts 1–5 assert against Cuebiq the same five claims the Court addressed in *Cuebiq I*. *See* PaeDae Am. CC ¶¶ 164, 170, 177, 193, 212. The allegations on which the Cuebiq I Order relied—Beintoo's CEO's statement that "there was no commercial launch," the June 2016 assurance by Cuebiq's CEO that Cuebiq was not using the Gimbal Technology, PaeDae's reliance on those representations, and PaeDae's discovery of Cuebiq's use of the Gimbal Technology during its 2021 diligence on the proposed Clara sale—are repleaded in the amended counterclaims in materially identical form. *Compare* PaeDae Compl. ¶¶ 56–76, *with* PaeDae Am. CC ¶¶ 59–80. Specifically, each of Counts 1–5 realleges that "Cuebiq's repeated misrepresentations prevented Gimbal from discovering the information necessary to bring this cause of action at an earlier time." PaeDae Am. CC ¶¶ 163, 169, 176, 192, 211. Thus, the Court finds no reason to reach a different conclusion on the same claims and materially identical allegations, especially where doing so would produce the very inconsistency that consolidation is intended to avoid.

Any arguments raised by CBQ that were not before the Court when it issued the Cuebiq I Order do not warrant a different result. First, CBQ contends that allegations added to the amended counterclaims confirm that PaeDae had reason to discover its claims between 2015 and 2017. *Cuebiq II*, Dkt. No. 107 at 16–17. Those allegations are that Beintoo copied code from Gimbal's software development kit ("SDK") into its own source code; that on or around June 23, 2015, "Beintoo admitted that Gimbal's SDK was integrated with Beintoo's SDK," but its personnel then "did falsely represent to Gimbal that Beintoo had not integrated Gimbal's technology"; and that internal Beintoo emails

---

1996).

"evidence a conspiracy within Beintoo to hide its use of Gimbal's technology from Gimbal." PaeDae Am. CC ¶¶ 47, 57, 60. Read in the light most favorable to PaeDae, these allegations describe Beintoo's internal conduct that Beintoo concealed from Gimbal. Thus, the allegations reinforce, rather than undermine, the theory the Cuebiq I Order found sufficient: that Cuebiq's misrepresentations, on which PaeDae relied, prevented PaeDae from discovering Cuebiq's use of the Gimbal Technology. *See* Cuebiq I Order at 12–13. CBQ reads paragraph 57 as alleging an admission made to Gimbal, *Cuebiq II*, Dkt. No. 107 at 16, but the allegation that Beintoo's personnel then falsely represented to Gimbal that Beintoo had not integrated Gimbal's technology supports the opposite inference, which the Court must draw at this stage. Nor does it matter that paragraphs 47 and 60 do not state when PaeDae learned of the facts they allege. *See id.* at 16. At the motion to dismiss stage, it is sufficient that the counterclaims allege when and how PaeDae discovered Cuebiq's use of the Gimbal Technology—through its diligence in the 2021 data room. PaeDae Am. CC ¶¶ 76–77.

Second, CBQ argues that section 9.1 of the Gimbal Developer Agreement and an incorporated data schedule show that Gimbal's software collected and transmitted usage data to Gimbal, such that PaeDae "had the means to discover any use by [Cuebiq] of the Gimbal technology" and could not reasonably rely on Cuebiq's denials. *Cuebiq II*, Dkt. No. 107 at 17–19; *see also id.*, Dkt. No. 114 at 6–8. This argument is a variation on the one the Cuebiq I Order rejected: that PaeDae was obligated to investigate rather than accept Cuebiq's assurances. *See* Cuebiq I Order at 12–13. As the Court explained, a party that relies on a fraudulent misrepresentation is justified in doing so "although he might have ascertained the falsity of the representation had he undertaken an investigation." *Id.* at 12 (quoting *El Pollo Loco*, 316 F.3d at 1040). Moreover, even if the agreement and data schedule could be considered at the motion to dismiss stage, "what inferences a court may draw from an incorporated document should also be approached with caution," and "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. CBQ's

argument depends on inferences that do not appear on the face of the counterclaims: that the data Gimbal's software collected would have revealed the conduct PaeDae alleges, including the copying of Gimbal's code into Beintoo's source code and the reverse engineering of, and creation of derivative works based on, the Gimbal Technology, and that PaeDae's reliance on Cuebiq's repeated denials was therefore unreasonable. *See* PaeDae Am. CC ¶¶ 47, 99–108. Those are factual questions that cannot be resolved against PaeDae on a motion to dismiss. CBQ's effort to distinguish *El Pollo Loco* on the ground that the information there was not in the plaintiff's possession rests on the same factual premise and fails for the same reason. *See Cuebiq II*, Dkt. No. 114 at 7–8.

Third, CBQ's objection that PaeDae's discovery-rule allegations are made on information and belief does not warrant dismissal. *See Cuebiq II*, Dkt. No. 107 at 14–15 & n.3. The Cuebiq I Order found materially identical allegations pleaded on information and belief sufficient at the motion to dismiss stage. *See* Cuebiq I Order at 12; PaeDae Compl. ¶¶ 57, 63, 67. Moreover, a party may plead facts on information and belief "where the facts are peculiarly within the possession and control of the defendant," as facts concerning Cuebiq's internal use and concealment of the Gimbal Technology plausibly are. *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

Because the Court concludes that the amended counterclaims adequately plead the discovery rule, it need not reach PaeDae's alternative argument that the continuing violation doctrine independently renders its claims timely. *See Cuebiq II*, Dkt. No. 113 at 17–18; Cuebiq I Order at 13 n.6.

Accordingly, the Court DENIES CBQ's motion to dismiss as to Counts 1–5 to the extent CBQ seeks dismissal of those claims as barred by the applicable statutes of limitations.[15] The remainder of CBQ's motion—including its challenge to Count 5 under

---

[15] This ruling holds only that the amended counterclaims adequately plead the discovery rule. It does not preclude CBQ from asserting the statute of limitations as an affirmative

Federal Rule of Civil Procedure 9(b), which the Cuebiq I Order did not address, and its challenges to Counts 6–9—remains under submission and will be addressed by the Court in a separate order in due course.

**CONCLUSION**

In light of the foregoing, and with good cause appearing, the Court deems it appropriate to CONSOLIDATE the two cases for all purposes, DENY CBQ's ex parte motion to file a supplemental brief, and DENY IN PART CBQ's motion to dismiss. Accordingly, IT IS HEREBY ORDERED:

1. The motions to consolidate are **GRANTED**. *Cuebiq I*, Dkt. No. 42; *Cuebiq II*, Dkt. No. 87.
2. Case Nos. 3:23-cv-00335-JAH-DEB and 3:25-cv-02255-JAH-DEB are **CONSOLIDATED** for all purposes under Rule 42(a)(2). Case No. 3:23-cv-00335-JAH-DEB shall be the lead case. Upon consolidation in the lead case, the parties to the action shall be designated as follows:
   a. Paedae, Inc. and Gimbal, Inc. shall remain as Plaintiffs.
   b. Cuebiq, Inc. shall remain as a Defendant.
   c. Cuebiq Group, LLC shall be added as a Defendant and Counterclaim Plaintiff.
   d. Paedae, Inc. and Gimbal, Inc. shall be added as Counterclaim Defendants.
3. The Clerk of Court shall file this Order in both cases. All further filings shall be made in the lead case, Case No. 3:23-cv-00335-JAH-DEB, and shall bear both case numbers.
4. Each action retains its separate identity and there is no effect on the status of any party's claims or defenses. The Clerk of Court's entries of default against

---

defense, *see* Fed. R. Civ. P. 8(c)(1), or from contesting the timeliness of PaeDae's claims on a developed record.

Cuebiq, Inc. remain in effect. *Cuebiq I*, Dkt. No. 32; *Cuebiq II*, Dkt. No. 112.

5. The Court **REFERS** the consolidated action to **Magistrate Judge Butcher** for a case management conference to address modifications to the scheduling order necessary in light of consolidation. The parties are ordered to address whether any amended or supplemental pleadings or filings are needed to align the two actions, such as a consolidated complaint.[16] Pending further order from the Court, the *Cuebiq II* amended scheduling order governs the consolidated action. *Cuebiq II*, Dkt. No. 103. Consolidation does not, by itself, affect discovery or extend any deadline.[17] The parties **SHALL** jointly contact Magistrate Judge Butcher's chambers within **fourteen (14) days of this Order** to schedule the conference.
6. Consolidation does not modify the Protective Order entered in *Cuebiq II*. *Cuebiq II*, Dkt. No. 83. Use of material produced in *Cuebiq II* remains governed by that Protective Order, subject to modification as provided therein or by further order of the Court, including any ruling on PaeDae's pending motion to modify the Protective Order (*Cuebiq II*, Dkt. No. 181).
7. CBQ's Ex Parte Motion to File Supplemental Brief in Support of Its Motion to Dismiss is **DENIED**. *Cuebiq II*, Dkt. No. 162. PaeDae's alternative request for leave to file a supplemental opposition is **DENIED** as moot. *Cuebiq II*, Dkt. No. 164 at 9.
8. CBQ's Motion to Dismiss PaeDae's Amended Counterclaims is **DENIED** as

---

[16] The parties should consider whether a consolidated complaint or counterclaims would supersede the amended counterclaims, including the effect of filing amended pleadings on the remaining claims in CBQ's pending motion to dismiss and the defaults entered against Cuebiq, Inc. based upon the earlier pleadings. *See, e.g.*, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

[17] PaeDae's objection under Rule 72(a) seeking a limited extension of fact discovery remains under submission until further order from this Court. *Cuebiq II*, Dkt. No. 172.

to Counts 1–5 to the extent it seeks dismissal of those counts as barred by the applicable statutes of limitations. *Cuebiq II*, Dkt. No. 107. The remainder of the motion remains under submission.

9. Except as otherwise provided in this Order, all motions pending in either action remain pending under their original docket numbers and all hearing dates and briefing schedules remain as set. Nothing in this Order resolves those motions or determines the effect, if any, of Cuebiq, Inc.'s default on CBQ.

10. Within **seven (7) days of this Order**, PaeDae shall serve this Order on Cuebiq, Inc. through its counsel of record in *Cuebiq I* and by mail to its registered agent, and file proof of service.

IT IS SO ORDERED.

DATED: September 30, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE