UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CUEBIQ GROUP, LLC.,

Plaintiff,

v.

PAEDAE, INC., dba GIMBAL and operating as INFILLION, GIMBAL, INC.,

Defendants.

Case No.: 25-cv-2255-JAH-DEB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**

**[DKT. NO. 173]**

Defendants Paedae, Inc., dba Gimbal and Gimbal, Inc.'s ("Gimbal") Motion to Compel (Dkt. No. 173) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Gimbal's Motion to Compel a further response to Interrogatory No. 7 is **GRANTED**. Plaintiff Cuebiq Group, LLC's ("CBQ") responses (initial and supplemental) do not specify whether it has fully responded to the interrogatory or has withheld information based on its asserted objections. On or before **October 16, 2026**, CBQ must supplement its response to clarify whether it has fully responded to the interrogatory. If CBQ has not fully responded, it must specify what information requested in the interrogatory it has provided and what

information it has withheld based on an objection. *Cf.* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."); *Sandigo v. Ocwen Loan Servicing, LLC*, No. 17CV002727BLFNC, 2018 WL 4293339, at *2 (N.D. Cal. July 18, 2018) ("A response with 'Subject to and without waiving these objections ...' can confuse or mislead the requesting party as to whether the responding party has fully or only partially responded to the discovery request.") (citation omitted). Regarding CBQ's claim that its identification of documents pursuant to Rule 33(d) responds to the interrogatory, it must similarly specify whether those documents contain all information requested in the interrogatory.

2. Gimbal's Motion to Compel a further response to Interrogatory No. 21 is **DENIED**. CBQ has provided a fulsome response to the request for a narrative description of "the transfer of assets from Cuebiq, Inc. to CBQ, including the events leading up to the transfer . . . ." *See* Dkt. No. 173-7 at 52–58.

3. Gimbal's request for leave to depose a CBQ witness regarding the information contained in Interrogatory Nos. 7 and 21 is **DENIED** without prejudice.

The parties must meet and confer on any disputes over CBQ's supplemental response to Interrogatory No. 7 and notify the Court of any unresolved disputes on or before **October 23, 2026**.

**IT IS SO ORDERED**.

Dated: October 2, 2026

Daniel E. Butcher
United States Magistrate Judge