UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUEBIQ GROUP, LLC., Plaintiff, v. PAEDAE, INC., dba GIMBAL and operating as INFILLION, GIMBAL, INC., Defendants. | Case No.: 25-cv-2255-JAH-DEB **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING MOTION TO SEAL, SETTING STATUS CONFERENCE** **[DKT. NOS. 174, 175]** |

Plaintiff Cuebiq Group, LLC's ("CBQ") Motion to Compel (Dkt. No. 175) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. On or before **October 16, 2026**, Defendants Paedae, Inc., dba Gimbal and Gimbal, Inc. ("Gimbal") must identify the custodians, search parameters, and repositories searched in connection with its document productions.
2. On or before **October 16, 2026**, Gimbal must review all attorneys' eyes only designations in its document productions and notify CBQ of any de-designations and/or redesignations.[1]

[1] Gimbal is reminded that, under the Court's Protective Order, "RESTRICTED –

3. On or before **November 6, 2026**, Gimbal must produce its custodians for deposition(s) as noticed by CBQ.[2] Each deposition is limited to four hours.
4. On or before **November 13, 2026**, and following completion of custodian depositions and any redesignations of attorneys' eyes only documents, the parties must meet and confer to discuss any remaining issues regarding Gimbal's document productions.
5. On or before **November 16, 2026**, the parties must file a Joint Status Report regarding any issues not resolved during their meet and confer conferences.
6. The Court sets an in-person, on-the-record discovery Status Conference for **November 20, 2026 at 2:00 p.m**. in Courtroom 2B of the Schwartz Courthouse.

CBQ's Motion to Compel a further response to Interrogatory No. 20 (seeking identification of the trade secrets at issue) is **GRANTED**. Gimbal's response fails to identify any asserted trade secrets with specificity. Instead, the response lists only broad categories, such as "source code, libraries, headers," etc. (Dkt. No. 175-6 at 10), which does not give CBQ notice of what in those categories Gimbal alleges are trade secrets that CBQ misappropriated. General references to documents produced place an impossible burden on CBQ to sift through scores of documents to ascertain what in them Gimbal

---

ATTORNEYS' EYES ONLY" designations are proper "only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information." Dkt. No. 83 at 3. Information "potentially prejudicial to the business or operations of such party" is properly designated as "CONFIDENTIAL." *Id*.

[2] Based on the history of Gimbal's document production as summarized in CBQ's Motion (Dkt. Nos. 175-1 at 9–16; 175-2 ¶¶ 6–36), the Court finds good cause to permit "discovery on discovery". *See Brewer v. BNSF Ry. Co.*, No. 14-cv-00065-GF-BMM-JTJ, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018) ("A party should not be required to provide discovery about its e-discovery without good cause. . . . A party seeking discovery on discovery . . . must show a specific deficiency in the other party's production.") (citations omitted).

alleges is a trade secret and which of those trade secrets Gimbal alleges CBQ misappropriated. *See United Auto Credit Corp. v. Stewart*, No. 8:25-CV-00065-RGK-ADS, 2026 WL 1694812, at *4–5 (C.D. Cal. May 12, 2026) (ordering Plaintiff "to actually describe what [it] believe[s] the trade secret is, so that somebody who's defending this case can understand it and defend it. . . . Defendants are 'entitled to interrogatory responses that are complete and unambiguous, and it should not have to piece together the theories and facts on which [Plaintiff] is relying from [other] responses' or discovery.") (citations omitted). Gimbal must supplement its response to Interrogatory No. 20 on or before **October 16, 2026**.

CBQ's Motion to Compel a further response to Interrogatory No. 21 (seeking a description of the economic value of each trade secret identified in response to Interrogatory No. 20) is **GRANTED**. Because Gimbal has not identified its trade secrets in response to Interrogatory No. 20, it necessarily has not identified the economic value of any asserted trade secrets. Gimbal must supplement its response to Interrogatory No. 21 on or before **October 16, 2026**.

CBQ's Motion to Compel a further response to Interrogatory No. 24 (seeking identification of all persons or entities to whom Gimbal disclosed its trade secrets) is **DENIED**, subject to supplementation based on identification of its trade secrets in response to Interrogatory No. 20. Gimbal's response identifies Beintoo, Inc. as an entity to which Gimbal disclosed its trade secrets and identifies specific documents from which "a response may be derived." Dkt. No. 175-6 at 23. Assuming Gimbal's response identifies all third-party disclosures of the trade secrets at issue (whatever they are), Gimbal has answered the interrogatory. *See McNamara v. Wells Fargo & Co.*, No. 21-1245-LAB-DDL, 2023 WL 11955307, at *2 (S.D. Cal. May 10, 2023) ("Plaintiff's disagreement with the accuracy of Defendant's verified interrogatory responses is not a basis to move to compel a 'more accurate' response under Rule 37.").

The Court **DENIES** CBQ's request for sanctions without prejudice pending further proceedings as described above.

Good cause appearing, the Court **GRANTS** CBQ's Motion to File Documents Under Seal (Dkt. No. 174). The Clerk of Court is directed to maintain the documents at Dkt. No. 176 under seal.

**IT IS SO ORDERED**.

Dated: October 2, 2026

Daniel E. Butcher
United States Magistrate Judge